Good morning, Your Honor. May it please the Court, I'm Robert Jove, and I'm appearing today on behalf of the petitioner, Assad Abu Mineh. The sole question in this case is whether the petitioner, Mr. Abu Mineh, has demonstrated exceptional circumstances arising out of the ineffective assistance of his former counsel that would excuse his failure to appear at his removal hearing in January of 1999. That question, it seems to me, breaks down into two parts. The first, obviously, is whether his former counsel, Ms. Yemi Getachew, acted in a way that falls below what we would reasonably expect of a competent immigration attorney. And second is whether there's a nexus between her supposed incompetence and his failure to appear. This situation began just two days, really, before Mr. Abu Mineh's hearing when Ms. Getachew, his former attorney, filed a motion to continue. Obviously, the motion to continue didn't comply with the local rules. It was late. It was filed, like I said, just two days before Mr. Abu Mineh's hearing. But more importantly, it didn't contain any reference to the government's position. She didn't bother to ascertain the government's position with respect to the case. And so, if she had done so and the governor had not opted, this might not even be an issue. Well, whether it did or not. Pardon me, Your Honor? What's the difference? Whether the motion was a nifty motion or not, the fact of the matter is it hadn't been granted. Well, that's the next point, Your Honor. Yeah. That is the next point. You know, they file a motion for continuance or extension of time to file a brief. We haven't ruled on it yet, and they don't file the brief. They think, oh, well, since I filed it, I don't have to do anything. Right. You're absolutely right. Most trial judges take that as being the rule, and indeed, I understand that's not the rule in immigration. And you're absolutely right. You're correct. But that is a side issue here, because ultimately, I think the crux of the matter is, was there ineffective assistance of counsel by Ms. Getachew in informing Mr. Aboumine about the consequences of filing the motion? Now, as I understand it, at the hearing, which took place two days after the motion was filed, neither she nor your client showed up. Right. So she wasn't even there in case it wasn't granted. Right. So nothing was going to happen that day in any event. Or she didn't send her paralegal, did she not? I don't see that in the record, Your Honor. What I see is that in her statement that was presented to the Board, she says that in her conversation with the Court on the day of the hearing, she learned that her presence had been excused. The judge had excused her presence in advance of the hearing, but nevertheless insisted that Mr. Aboumine appear. Why is a little bit baffling to me, because without his lawyer, it's not clear that any business could have been done. But that's the situation, as I understand it. Maybe I'm confusing this with the facts of another immigration case. Didn't she send somebody from her office to actually appear at the hearing? No. Not as far as I can tell. I mean, my understanding is that she had somebody in her office draft the motion that was filed. But that's the reference that I see in the record to somebody else. Okay. Well, you're more familiar with the record than I am. But, you know, the crux of this, and I go back to what you were saying, Judge Pernance, because I agree, that is the crux of the case. But it seems to me, I agree, that that's the rule. And so the question is, does the attorney have an obligation to inform her client that that's the rule? And in this case, that simply didn't happen. What happened here? Well, the client was told in writing and apparently was told prior hearing, so the IJ says, that he had to be there, period. Well, according to the record, the immigration judge supposedly, we don't have a transcript of what transpired. He says he said that. He says he informed Mr. Abumina of the consequences of the failure to appear. But that, see, all that happened before any reference, any discussion of filing a motion to continue had occurred. And in this case. I'm going to assume failure to appear at a scheduled hearing. Right, exactly. And at this point, Ms. Getachew, what she said is she said that she was going to, and this is set forth, I believe, on page 121 of the record. She said she informed me that, he says that she informed me that she was going to get my case continued with the court. And she assured me that she would contact me as soon as she found out about my new hearing date. Now, that's just not enough. I mean, the threshold question is here, is this what we can expect from a competent lawyer? And the answer to that is no. A competent lawyer doesn't go in and simply say, I'm going to get a continuance, I'll let you know when your hearing date is. A competent lawyer would say, I'm filing a motion. The motion does not excuse your presence at the hearing. Unless the motion is granted, you have to be there. That's what a competent lawyer is required to do. But in this case, she concedes that she made no discussion at that time of whether his appearance was going to be required. If you look at the initial motion that she filed, this is on page 428. This is her initial motion to reopen. She says, these are her own words. I contacted Mr. Mine previously and told him of my intention to continue the hearing because of my condition. She says, quote, no discussion was made at that time as to his appearance. She says the exact same thing in her reply. She says verbatim, I had contacted Mr. Mine previously and told him of my intention to continue the hearing because of my condition. No discussion was made at that time of his appearance. I'm sorry, but that's not good enough. That's not what we expect of a competent lawyer. A competent lawyer. And does that give him an excuse that's as critical as a death in the family or a serious illness? Yes, it does. Because she conveyed the impression here that the filing of the motion to reopen excused his presence. That's how he understood it. That's set forth in his sworn affidavit. And I think any reasonable alien in that situation would understand it to be the same way. Did he say he understood he didn't have to go? Yes. What he said is. I don't recall seeing that exact claim. Well, he said, based on Ms. Getachew's representations, I assumed that everything was fine with my case and all I had to do was wait for my scheduled hearing date. That's on page 121 of the record. Yeah. And of course. Well, his scheduled hearing date is consent. No, because she told him. You have to read that in context, Your Honor, because in context what she's saying is she said that she would contact him when she found out the new hearing date. And he says, I assumed that everything was fine and that she would then. All I had to do is wait to hear about my rescheduled hearing date, my rescheduled hearing date. Counsel, is it your contention that we should read her declaration? And I'm looking again at 428 that you referred us to earlier, where she then goes on to say that as soon as she learned of the court's decision, I immediately contacted. Right. The court saying I would try to reach him. Should we infer from that that it was her state of mind at the time that her client thought he didn't need to appear? Otherwise, she wouldn't have been so urgently trying to reach him and page him to tell him that he had to go. So that's certainly the way I read it. And I think that's bolstered by the fact that she herself says that she was the one that was responsible. She considered herself responsible for his transportation. She had no discussion with him about his responsibility for appearing. She had no discussion with him about how he was going to get to court. Nothing can happen. And I'm sorry, Your Honor, but that is just that falls below what we expect of a competent immigration attorney. So it seems to me the real issue here is, is there a nexus between her failure to abide by what we'd expect of a competent lawyer and his failure to appear? Can I ask it this way? Assume for a moment that this was ineffective assistance of counsel. That is to say, she should have done otherwise. She should have said, listen, unless we hear affirmatively that it's rescheduled, you better be there. Assume that this is ineffective. Right. The next question is, is his failure to appear excused because of that ineffective assistance? Right. And on that, I mean, I would refer to the declaration where he says it was his understanding that all he had to do at that point was wait to hear from her about his rescheduled hearing date. And then second, he goes on to say, I clearly would have attended my hearing if she'd informed me that my case had not been continued. I mean, this guy had no reason not to appear. One important point. But he didn't put himself in a position where he could find that out. Well, he had a lawyer, Your Honor. But what I mean, he's off in some place. And he said, well, when she tried to call me, I guess she could only get his fiancé. And his fiancé couldn't get him. Right. So he wasn't planning to go in unless she called him. No, he wasn't. Because that's because she had basically told him. Despite court directions, he had to be there. No. The court directions preceded any discussion, as I say, of a motion to reopen. And so on that point, no. I mean, a general statement that you have to show up for your hearings, that's one thing. But here the lawyer is saying, I'm going to reschedule your hearing. So he understands that he has to appear at a rescheduled hearing. But the question is, is this the hearing or is there a rescheduled one? If I could just comment real briefly, Your Honor. I've only got 10 seconds left. This is a recurring problem in immigration court. Immigration lawyers do this with some frequency, and it is not acceptable. If you're going to make a motion for a change of venue or a motion for a convenience, the client needs to know, really needs to know, that he has to be there. And lawyers all too often fail to let them know that. And this is the consequence. Okay. You've used your time. We'll hear from the government, but we'll give you a minute to respond. Thank you, Your Honor. Good morning, and may it please the Court. Melissa Nyman-Kelting for the United States Attorney General. Your Honors, the facts of this case simply do not support a finding that the Board abused its discretion in denying Petitioner's motion to reopen appeal in this case.  Mr. Abramita had been given written and oral warnings of his failure to appear. Never at any point was he told that the filing of the continuance, the mere filing, would excuse that. Well, except by his attorney. Well, and that's not clear in the record, Your Honor. What we have is his declaration and her declaration. Perhaps it was not as clear. Can I go? I see this as two questions. Number one, was the effective — was there ineffective assistance at counsel? And number two, if there was ineffective assistance at counsel, does that excuse the failure to appear? Could you address the first one, that is to say, was there ineffective assistance? Certainly, Your Honor. The government's position in defending the Board's decision here that this did not amount to ineffective assistance here. I think the point that was made earlier about her attempting to reach the client the morning of the hearing, I think that can cut both ways. Was it ineffective of her to do her best to contact the court and to contact her client to make sure that he did appear once it became — she became aware of the fact that perhaps she had overconfidently assumed that this — that the continuance motion would be granted, but it was not. She found out that morning. She made every effort to contact him, to contact the court, and let the court know he was unable to appear. What that came down to — Did she contact the court and say he's unable to appear? Is that in the record? In her declaration — and if you'll give me a moment, I'll get you the record site for that. But, yes, in her declaration, she does say that she contacted the court to let them know that he would not appear. And to answer Judge Tallman's question from earlier — Now, wait a minute. That wasn't — Would not appear is different from saying he is unable to appear because I let him know that he didn't need to appear and I can't reach him by telephone in the time available. So maybe I better look at the record and see what she says. Your Honor, I believe it would be at — her declaration in response to the bar complaint, which might be the best place to start, is at page 34 and 35 of the record. Okay. Quote, it says — Hang on a sec. Oh, pardon me. That's okay. Okay, 34 — okay. And I'm on page 35, second full paragraph, beginning on the day of the hearing. Okay. Right. And that she makes very clear here, emphasizing in capital letters, I never told Mr. Aboumina that he did not need to appear for his hearing. He knew the date of his hearing.      The question I'm asking is what did she tell the court? We don't have the specifics of what she told the court here. I called the court several times to apprise them of the situation during the day. So all we know — we don't know specifically whether she said he's going to try to come or he's not planning on coming. We just know that they attempted — I told him he didn't need to come and I'm not trying to get a hold of him at the last minute. I mean, we don't know what she said. Well, we know here that she never told him not to go. But that was not my question. Okay. My question is what did she tell the court? And the short answer is we don't really know. We don't know on this record precisely what she told the court. But I would like to circle back to the fact that the question really is was this ineffective assistance. What it comes down to here is that but for the pager malfunction, it's likely that she would have gotten a hold of him and he may have come. And I would submit that this is similar to the court's decision in Sharma where it's unfortunate, yes. It's unforeseen, yes. Is it out of his control? Absolutely. But it does not rise to the level of exceptional circumstances similar to the situation in Sharma. Let me ask you this. And I'm now sort of drawing inferences. So I'm stating it in the way most favorable to the petitioners. And I just say right at the top I'm drawing inferences. The inference that I'm drawing is that she told him and he relied on what she said that she would get a continuance and that he did not need to appear. Okay. He then doesn't make plans to appear. She learns on the day of the hearing that she had erroneously assumed that the motion would be granted. She tries at the last minute to get a hold of him. And because it's last minute and apparently because of cell phone malfunction, she can't get a hold of him and he misses the hearing. Is that ineffective assistance of counsel? May I make a point of correction into the beginning of the hypothetical, but the way you set it out, Your Honor, I would point out that she did not tell him not to appear. No. Let me say it this way. She, in one form or another, gave him the understanding that he did not need to appear because she would get a continuance. He understood that based on what she said to him. I think that that's my inference. Taking that inference, is that ineffective assistance of counsel? I don't think it is in this case, Your Honor. Because? Because. As the Court is well aware, in determining whether something is an ineffective assistance of counsel, the Board, in looking at it the first instance, looks at the totality of the circumstances. And I think what it comes down to here is, was it reasonable for Mr. Abunina to assume when he had not heard from her? That's the second question. The second question is, is his failure to appear nonetheless unexcused despite the ineffective assistance? You're directing me to solely discuss whether or not this is ineffective assistance? That's my first question, and I want to stay on that for a minute. I understand, Your Honor. I don't think in this case that it is ineffective assistance. It is distinguishable because she did not tell him not to come to the hearing. It's unfortunate that he implicitly understood from her direction. But you're fighting the inferences that I've just drawn. She – the inference is she gave him the clear understanding that he did not need to appear because she was going to get a continuance and reschedule the hearing. And you're fighting that. You may want to say, well, I – here's the inference. I'll answer with that inference. And then you can tell me that that inference is wrong. But stick with the inference. All right. I will stick with the inference, Your Honor. In that inference, then, this case – that would be similar to the Board's decision in Gravala, where the attorney did call Petitioner in that case and say, don't come to your hearing. It's been continued. The alien did not show up and was ordered removed in absentia or deported in absentia. So based on the inference and the way that Your Honor has set it up, then, yes, that would appear to be ineffective assistance. But was the Board required to draw the inference that the judges are drawing? No, Your Honor. And I – which leads me to the point that clearly reasonable minds can differ on whether something is ineffective assistance or not. But here it was the agency's position in issuing – or in exercising its broad discretion in what ultimately was a motion to reopen context to determine that the circumstances of this case did not result in ineffective assistance. And the point, I think, that is important to consider here is that he has never – he has made many allegations in this case, but he has never once explained why it was not on the day of his hearing, even the day before his hearing, when all he had been told was, I'm going to get your case continued. I'll call you with the new hearing date. Is it unreasonable for someone whose legal ability to be in this country and who fears returning to their home country because of allegations of past persecution, is it unreasonable to pick up the phone and call either counsel or the immigration court to say, hey, my hearing's tomorrow. I haven't heard from you. I know you said you would call. Just wanted to make sure I don't have to be there, given that he had been orally and in writing warned of the failure – of the consequences, rather, of his failure to appear at any hearing. At a scheduled hearing. That's right. But there – never had he been told that the mere filing of a continuance was an excuse not to show up. In fact, it flies in the face of both – in the venue context, flies in the face of both the board's and this Court's case law. In Hernandez-Vivas, this Court held that it was not reasonable to assume that a venue motion would be granted simply because it had been filed. And it did not excuse the individual's failure to appear at the hearing simply because there was a pending venue change motion. The same rationale applies in this case. It just – because Mr. Abumina was represented by counsel does not alleviate the fact that he could have simply picked up the phone. It's a burden to put on a represented party. I'm represented by a lawyer and I nonetheless call the court to see what's going on, even though my lawyer is – in reliance on what my lawyer has said, I think that I'm going to get a continuance. I nonetheless have to check up on my lawyer. Boy, that's a pretty heavy burden. My time has expired. May I respond? No, please. I also have a couple questions. The Board was certainly not making this some sort of new requirement that going forward must be followed in every case. The Board found in this case, under this set of circumstances, it was not reasonable that Mr. Abumina did not make a phone call to see whether or not he needed to be there considering the gravity of the situation if he failed to appear at his hearing. Given the fact that the Board is entitled to look at the totality of the circumstances in deciding whether or not assistance was ineffective, this was a reasonable conclusion for the Board to draw in this case. Again, the circumstances of this case may be unfortunate and it may be unpalatable for this Court, given the totality of the circumstances that this Court is looking at, but here we have a very deferential standard of review, and this record simply does not show that the Board abused its discretion in denying to reopen Mr. Abumina's case. Counsel, before you sit down, I have a question. You mentioned the standard of review, which, as I understand it, is abuse of discretion, correct? That's correct, as far as the denial of the motion to reopen. But we've got a subsidiary problem here, and that is that we have what I think I would charitably characterize as an ambiguous factual record. I think that there are enough statements in both declarations to create a contested issue of material fact over whether or not the client understood or believed that his hearing had been continued and that he didn't need to appear. Now, we can't resolve that factual dispute on appeal, but what difference do we give to the Board in this situation, where they're looking at an ambiguous record and ruling on a motion to reopen? As far as looking at the Board's handling of the factual findings in this case, certainly that would be substantial evidence review, which is another deferential layer of review where it must show that the record compels a finding that the facts actually fell the other way. So the Court would have to be very deferential in its review of how the Board looked and said, yes, okay, I see we have both sides of this. But ultimately, the three reasons that the Board laid out were, pardon me, that he was never told to appear, which we know that's corroborated by both declarations, where she says very emphatically that she never told him not to appear. And he, in his own declaration, does not say he was told not to appear, just that he believed that his case would be handled and taken care of. He was never told that the continuance filing excused his appearance. Nowhere in his declaration does he assert otherwise. Yes, it was his implicit understanding that perhaps he did not need to appear, but he was never affirmatively told that and was, in fact, told both by the immigration judge and in the hearing notice of the consequences of his failure to appear. And lastly, the point that we've been discussing, that he took no affirmative steps on his own to simply pick up the phone and find out whether or not that continuance had been granted, therefore excusing his appearance or his need to appear at the hearing. So on this record, while it may be a close case for the panel, it is the government's position that the board did not abuse its discretion here in denying this case. Thank you, Your Honor. Thank you. Response? Very briefly, this issue about whether he had some affirmative obligation to follow up, I mean, it rests on the assumption that he knew somehow that if the motion wasn't granted, then he would have to appear. That's not his understanding. His understanding, after talking with his lawyer, is that all he had to do is wait for the rescheduled hearing date. What's your response to my question to your opponent on the standard of review, given the ambiguous facts that we have here, where you have to rely on our ability to draw inferences in order to buy your theory that this was IAC? The constitutional part of the claim is reviewed de novo. But it's fact-dependent, counsel. And the problem I'm having is I've got an ambiguous record. And if I understood government counsel, her position is that we can't say, given our deferential standard of review, that the facts of this record compel the opposite conclusion. The board looked at the facts and decided it wasn't enough. We're looking at the facts and we're troubled by them. Is that enough? The board looked at the facts and said there's no ineffective assistance of counsel. On that, I don't think there's any dispute about the facts. The facts are, she says herself that when she told him that she was going to get a continuance and would contact him with respect to the rescheduled hearing date, she did not tell him anything about his need to appear. That's undisputed. She said I never told him that he didn't need to appear. Exactly. She didn't tell him that he didn't need to appear. But on the other hand, she told him she was going to continue the hearing. And at that point, it's my opinion, it's my view, that any competent lawyer has to inform an alien who's unfamiliar with this court system that the mere filing of a request to continue a hearing isn't good enough. That doesn't excuse the requirement that you appear, going back to Judge Fernandez's point. She didn't do that. That's uncontested. She says herself that there was no discussion about his need to appear when she told him this. It left him with the impression, and he says this, and this is uncontested in his declaration, that he did not need to appear. Those facts are undisputed. Those facts make plain ineffective assistance of counsel here. The real issue is, is there a nexus between that ineffective assistance of counsel and his failure to appear? That's set forth in his declaration. That's uncontested. He says, based on her representations, I assumed, my understanding was, I did not have to do anything except wait for a rescheduled date. You don't need any additional facts. Those facts are undisputed, and they make out both the IAC part, the substandard performance, and the nexus that this is what caused his failure to appear. Are there no further questions? Okay. Thanks. Thanks very much. Thank you both. The case of Aboumeni v. Holder is now submitted for decision.
judges: Fernandez, Fletcher W. , Tallman